ROBERTSON (BLAKE v.). See Cases Nos. 1,500 and 1,501.

ROBERTSON (BROWN v.). See Case No. 2,027.

ROBERTSON (CARSON v.). See Case No. 2,466.

ROBERTSON (CHESAPEAKE & O. CANAL CO. v.). See Case No. 2,652.

ROBERTSON (DIBBLE v.). See Case No. 3,882.

ROBERTSON (ELLITHORP v.). See Cases Nos. 4,408–4,410.

---

## Case No. 11,924.

### ROBERTSON v. GARRETT et al.

[10 Blatchf. 490; 6 Fish. Pat. Cas. 278.] [1]

Circuit Court, S. D. New York. Feb. 27, 1873.

PATENTS—NOVELTY—CLAIMS—HAND STAMPS.

1. The reissued letters patent granted to Thomas J. W. Robertson, for an "improvement in hand stamps," involved in the suit of Robertson v. Secombe Manuf'g Co. [Case No. 11,928], again sustained.

2. The objections, that the invention, as described in the specification, will not work, and that the defendants use, in addition to a handle, a guide or plunger, considered, and overruled.

3. The good faith of the defence, questioned.

[Final hearing on pleading and proofs. Suit brought by Thomas J. W. Robertson against John Garrett and Michael Holihan on reissued letters patent for "improvement in hand stamps," granted to Thomas J. W. Robert-

1 [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 10 Blatchf. 490, and the statement is from 6 Fish. Pat. Cas. 278.]

son, December 12, 1871, No. 4,675. The patent is the same upon which the suit of Robertson v. Secombe Manuf'g Co. [supra] was brought, where will be found the history of the patent, the claims, the engravings, and description of the device.] [2]

Frederic H. Betts, for plaintiff.
James B. Robb, for defendants.

BLATCHFORD, District Judge. The letters patent sued on in this case, being re-issued letters patent granted to the plaintiff, December 12th, 1871, for an "improvement in hand stamps," the original letters patent having been granted to him September 22d, 1857 [No. 18,249], and extended for seven years from the 22d September, 1871, are the same that were involved in the suit of the same plaintiff against the Secombe Manufacturing Company [supra], in this court. The only defences set up in the answer in this suit are, that letters patent for inventions embracing substantially the same devices and combinations that are described in the plaintiff's patent, were granted, in Europe, to three different persons, at dates prior to the date of the plaintiff's patent; and that the plaintiff's invention is of no use, and has never been introduced into public use, and the combination of devices described in his patent has never been, and cannot be, successfully used, as a hand printing and dating stamp, or for any of the purposes set forth in his patent.

No evidence as to the European patents referred to has been put in.

To say, that the plaintiff's invention is of no use, and has never been introduced into public use, and that the combination of devices described in his patent has never been, and cannot be, successfully used, as a hand printing and dating stamp, or for any of the purposes set forth in his patent, when it appears that the defendants have made and sold large numbers of stamps containing the inventions set forth in the claims of the plaintiff's patent, and have introduced them into use, and that, in such stamps, the combination of devices described in the plaintiff's patent is used in the manner directed by the plaintiff in the specification of his patent, is to overlook the true state of the evidence in the case, when considered in view of the proper construction of such specification.

The defendants' stamps contain precisely what the claims of the plaintiff's patent set forth and claim; and this is not denied, in argument. Yet, it is said, that the plaintiff's apparatus will not work with such inking process as he describes in his patent, and will only work with such an inking ribbon as the defendants use. But, the plaintiff describes no particular inking process. He says: "When the face of the stamp is inked over by any suitable inking device, and the stamp duly pressed upon a letter or other suitable

2 [From 6 Fish. Pat. Cas. 278.]

substance, an impression will be left thereupon of the types contained on the ring C, and also of those types of the type wheels c, d, e, that are in line with the types on the ring C." He does not show, by description or drawing, any form or arrangement of inking device. His invention does not concern an inking device. He states, that his stamp will work with a suitable inking device. The defendants show that it will work with a suitable inking device, and that they make and sell stamps, containing the plaintiff's inventions, which do work with an inking ribbon, as an inking device. All of their evidence is directed to show that the plaintiff's stamp will not work with an unsuitable inking device, which is, in effect, what he himself says, in his specification; and such evidence clearly shows, that the plaintiff's stamp, when used with an inking ribbon, as a suitable inking device, will do what the specification says it will do. It is, therefore, useful. It is shown, that an inking ribbon, as an inking device, was well known at the date of the plaintiff's patent. So was an inking pad, and so was an inking roller. Any of them falls under the head of a suitable inking device, referred to in the specification. One may give less trouble than another. The pad may require care to be used in keeping the type wheels clean, where the stamp is frequently used. But, all this has nothing to do with the completeness of the invention, in a legal sense.

So, in regard to the use of a guide or plunger in connection with the handle. The specification says, that the stamp is to be "duly pressed" upon the substance on which the impression is to be made. It shows no guide or plunger, or any means of pressing or guiding, except that of the hand, directed by the skill of the will. The evidence shows, that, for some uses, it is desirable not to have a guide or plunger. But, a handle in a guide, although the guide may make it more useful for some purposes, is none the less the handle of the plaintiff, carrying the apparatus, for the purposes set forth by the plaintiff.

The other objections suggested by the evidence have no force and require no consideration.

The good faith of the defence in this case is more than questionable, in view of the statement, in a circular issued by the defendants, that the arrangement of dates on revolving cylinders was "an improvement which revolutionized the manufacture and use of stamps," by superseding the type-setting stamps, formerly in use. That improvement is conceded to the plaintiff, by the absence of all evidence attacking the novelty of the patent.

There must be a decree for the plaintiff, for a perpetual injunction, and an account of profits, and an ascertainment of damages, with costs.

[For another case involving this patent, see note to Robertson v. Secombe Manuf'g Co., Case No. 11,928.]